UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALIBRATED SUCCESS, INC.,

    Plaintiff,

                                                    Case No: 13-cv-13127
                                                    Hon. Victoria A. Roberts

v.

JONATHAN ANDREW CHARTERS,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S FOR SUMMARY JUDGMENT (DOC. 11)**

**I.    INTRODUCTION AND BACKGROUND**

Calibrated Success Incorporated ("Calibrated") holds the copyright to a video entitled "*GM EFI Tuning Beginner's Guide*" ("Calibrated's Tuning Guide"). The video instructs viewers how to modify and enhance performance of their cars. The host and instructor of the video is Greg Banish ("Banish"), principal of Calibrated. To create this video Banish enlisted the help of David Bruckshaw ("Bruckshaw"). Bruckshaw has experience in videography, video editing, and first hand knowledge about Calibrated's Tuning Guide. Calibrated created the video to sell to the public for $249.95.

During the summer of 2010, Defendant Jonathan Charters ("Charters") downloaded Calibrated's Tuning Guide from a website named *Pirate Bay*. He made 50 to 75 copies to sell them for $35.00 to $50.00 each. Charters used different websites, emails, and user names to sell copies of Calibrated's Tuning Guide. On July 22, 2013

1

Calibrated sued Charters for copyright infringement under 17 U.S.C. § 501(a). It says Charters violated its exclusive right to reproduction under and 17 U.S.C. § 106(1), and distribution under 17 U.S.C. § 106(3). During a deposition Charters admitted that he downloaded and duplicated an entire copy of Calibrated's Tuning Guide 50 to 75 times. He admitted he sold each copy in the range of $35.00 to $50.00, and each copy contained the entire Calibrated Tuning Guide.

In response to Calibrated's motion for Summary Judgment now before the Court, Charters says downloading and copying the Tuning Guide was *de minimis*, and his actions constitute fair use.

The Court **GRANTS** in part and **DENIES** in part Calibrated's motion for Summary Judgment.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) says a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting that a fact cannot be genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, or other materials. Fed. R. Civ. P. 56. The burden is on the moving party to show that no genuine issue of material facts exist, and a court should evaluate the evidence in the light most favorable to the non-moving party. *Gen. Motors Corp. v. Lanard Toys, Inc.*, 468 F.3d 405, 412 (6th Cir. 2006).

To create a genuine issue of material fact, the non-moving party must present

more than a mere scintilla of evidence in support of his position to raise some doubt as to the existence of a fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party must bring forth sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id.* at 249-50.

### III.    DISCUSSION

#### A.    Copyright Infringement

Anyone who violates any of the exclusive rights enumerated in 17 U.S.C. § 106(a) granted to a copyright holder is liable for copyright infringement.17 U.S.C. § 501(a). The prima facie case for copyright infringement has two elements. The first element requires proof of ownership of a valid copyright. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). This element is presumptively established by the copyright registration. *Lexmark Int'l, Inc. v. Static Control Components*, Inc., 387 F.3d 522, 534 (6th Cir. 2004)(abrogated on other grounds). A certificate made before or within five years after the author first publishes the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. 17 U.S.C. § 410(c).

The second element requires a showing that the defendant violated at least one of the five exclusive rights granted to a copyright holder under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

Calibrated claims a violation of the exclusive right of reproduction and distribution. To show a violation of the exclusive right of reproduction under § 106(1), the plaintiff must demonstrate the defendant copied "protectable elements of the work." *Lexmark*, 387 F.3d at 534; *Feist*, 499 U.S. at 361. And, to show a violation of the

exclusive right of distribution under §106(3), the plaintiff must establish that the defendant actually distributed identifiable copies of the work. *Atl. Recording Corp. v. Howell,* 554 F. Supp. 2d 976, 981 (D. Ariz. 2008); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir. 2007).

Calibrated establishes a prima facie case of copyright infringement against Charters. Calibrated satisfied the first element by providing a certificate of registration identifying the work, author, and date of first publication. The effective date of the certificate is February 11, 2013, and the date of first publication was June 1, 2009. The alleged infringing conduct occurred in 2010 through 2011, which is within five years of first publication. Therefore, the certificate is valid to show ownership of a copyright.

Calibrated satisfied the second element of its prima facie case for copyright infringement under §106(1) and §106(3). With respect to §106(1) - the right of exclusive production - Charters admitted he downloaded Calibrated's Tuning Guide from *Pirate Bay* and made and sold 50 to 75 copies of the video. Charters Dep. 15:16 - 17:23, January 15, 2014. Bruckshaw, analyzed a disc that Charters allegedly sold, and described the video on the disc as being an "almost perfect... replication of Mr. Banish's work." Bruckshaw Dep. 22:17-20, December 17, 2013. Thus, Calibrated has established that Charters infringed its exclusive right to reproduction of the Tuning Guide under § 106(1). Moreover, with respect to § 106(3), Calibrated demonstrated Charters violated its exclusive right to distribution because he admitted in his deposition that he sold all 50 to 75 copies of the Tuning Guide for $35.00 to to $50.00 dollars. Charters' Dep. 17:19 - 18:1.

After examining all evidence in the light most favorable to Charters, the Court

4

finds Calibrated established a prima facie case for copyright infringement against Charters. Charters has not presented evidence or arguments to rebut this finding. However, the Court must evaluate if the *de minimis* and fair use defenses relieve him from liability.

### B.     The *De Minimis* Defense

Charters says his infringement was *de minimis*. The *de minimis* defense requires the alleged infringer to show that his copying of the "protected material is so trivial as to fall below the quantitative threshold of substantial similarity." *Gordon v. Nextel Commc'ns & Mullen Adver., Inc.*, 345 F.3d 922, 924 (6th Cir. 2003). The quantitative threshold of substantial similarity to the copyrighted work takes into account the amount of the copyrighted work that was copied, and its observability, which is determined by the length of time the copyrighted work appears in the allegedly infringing work. *Id*.

The Court finds that Charters copying of Calibrated's Tuning Guide was not *de minimis*. Instead, Charters deposition demonstrates just the opposite; Charters admits downloading Calibrated's Tuning Guide in its entirety. Charters Dep. 35:10-11. There is nothing *de minimis* about copying an entire video. Instead, such acts constitute actionable copyright infringement.

### C.     Fair Use Doctrine

Charters says he is not liable for copyright infringement because his conduct falls under fair use. The fair use doctrine allows for non copyright holders to use a work for a particular purpose, such as criticism, comment, news reporting, teaching, or research. 17 U.S.C. § 107. There are four factors a court should examine to determine if the use was fair: (1) the purpose and character of the use, including whether such use is of a

5

commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107; *Harper & Row Publishers, Inc. v. Nation Enterprises,* 471 U.S. 539, 560-61 (1985).

The Court examines each element.

### 1. Purpose and Character of the Use

This factor evaluates whether the new work is transformative, and to what extent the purpose of the new work is commercial. To see if the work is transformative, a court should examine whether it "adds something new, with a further purpose or different character, altering the first [work] with new expression, meaning, or message." *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. 569, 579 (1994) (internal citations and quotation marks omitted) *See also, Zomba Enterprises, Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 582 (6th Cir. 2007). "The more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Campbell*, 510 U.S. at 579. Nonetheless, commercial use still weighs "against a finding of fair use" because "commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985).

Charters begins his fair use argument by framing his activities as wanting to help other car enthusiasts learn about automotive activities and car tuning by providing an instructional video. Charters seems to forget that Calibrated's Tuning Guide is itself an

instructional video. Charters illegally downloaded Calibrated's Tuning Guide and sold copies of it. This indicates a desire to achieve pecuniary gain from another's work.

Moreover, Charters work is not transformative. Charters added material to some of the discs, such as parts numbers and "Corvette RPO codes." However, it is undisputed that each disc Charters made, even the ones with the added materials, contained a complete copy of Calibrated's Tuning Guide. Thus, Charters copies of Calibrated's Tuning Guide did not communicate a new message to the viewer. Charters' copies did not further a different purpose than Calibrated's discs; It conveyed the same information. Also, Charters sold each copy of the Tuning Guide, thus transforming his actions into a commercial activity. Selling the discs for profit weighs against a finding of fair use. The first factor of the fair use doctrine weighs against Charters.

### 2. The Nature of the Copyrighted Work

This prong examines the type of work infringed. The Supreme Court noted "that some works are closer to the core of intended copyright protection than others...Thus, a pure work of fiction is closer to the core of copyright protection than a factual compilation. *Campbell*, 510 U.S. at 586. "The law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy." *Harper & Row Publishers,* 471 U.S. at 563. The Southern District of Georgia found that instructional and procedural manuals are more akin to factual works than creative fictional works. *Gulfstream Aerospace Corp. v. Camp Sys. Int'l, Inc.*, 428 F. Supp. 2d 1369, 1378 (S.D. Ga. 2006). However, as the Northern District of California stated:

> If the selection or arrangement of facts is original, then these elements of the work are entitled to copyright protection. [A] compilation is not copyrightable per se, but is copyrightable only if its facts have been selected, coordinated,

7

> or arranged in such a way that the resulting work as a whole constitutes an original work of authorship. Moreover, the requisite level of creativity or originality is extremely low; even a slight amount will suffice.

*Sinai v. Bureau of Auto. Repair,* No. C 92 0274 VRW, 1992 WL 470699, at *2 (N.D. Cal. Dec. 21, 1992) *quoting* , *Feist*, 499 U.S. at 350- 51. (quotation marks omitted).

Calibrated's Tuning Guide is an instructional video, thus, it appears it would be more factual than creative. Yet, the manner in which the information is presented to the viewer is original. As Calibrated notes, Banish relied on his years of experience to put together, organize and present the information to the viewer. In making the video, Bruckshaw assisted Banish with video photography, audio recordings, and editing. This suggests the requisite level of creativity and originality that entitles the work to copyright protection. The Court finds the second factor of the fair use doctrine weighs against Charters.

### 3. The Substantiality of the Portion Used in Relation to the Copyrighted Work as a Whole

This prong examines how much of the original work was copied. "The larger the volume... of what is taken, the greater the affront to the interests of the copyright owner, and the less likely that a taking will qualify as a fair use." *Zomba Enterprises, Inc.*, 491 F.3d at 583. However, copying even small portions of a work may weigh against a finding of fair use because "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." *Harper & Row Publishers*, 471 U.S. at 565.

In response to Calibrated's Summary Judgment motion, Charters says there is a factual dispute as to amount of purported copyrighted materials used. The Court disagrees. Charters admits in his deposition he made and sold exact copies of

Calibrated's Tuning Guide. Charters Dep at pg 35:12-14.  Since Charters copied Calibrated's Tuning Guide in its entirety, the third factor weighs against a finding of fair use.

### 4. The Effect on the Potential Market for or Value of the Copyrighted Work

The final prong "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant ... would result in a substantially adverse impact on the potential market for the original." *Campbell,* 510 U.S. at 590*.*  When the second work is duplicative of the original and it was made for a commercial purpose, there is a presumption of market harm to the original work. *Id.* at 591*.* The alleged infringer bears the burden to prove the 'market effect' factor if the copying was done for a commercial purpose. *Zomba Enterprises, Inc.,* 491 F.3d at 583.

Charters says his actions had negligible impact on market value. The Court disagrees. Calibrated sold or intended to sell its Tuning Guide for $249.95. On the other hand, Charters duplicated Calibrated's Tuning Guide and sold it 50 to 75 times for $35.00 to $50.00. By selling those copies a presumption of market harm arises; it appears Charters sold his copies for commercial gain. Moreover, Charters has already negatively affected Calibrated's market by usurping up to 75 sales from Calibrated. If Charters continued to sell copies of the Tuning Guide there would be a substantial adverse effect on Calibrated's market because consumers could purchase the Tuning Guide at a significantly lower price than the original.

However, putting aside the presumption, Charters misconstrues the fourth prong

9

by concentrating on his own behavior. As noted, the Court considers whether unrestricted and widespread conduct of the sort engaged in by Charters would adversely impact Calibrated's potential market. The Court believes so. If others engaged in the same conduct as Charters, the market for Calibrated's Tuning Guide would be obliterated; no one would pay $249.95 for an item that could be purchased for $35.00 to $50.00. Charters fails to show how his actions, or the actions of others who may engage in the same conduct, would not negatively affect Calibrated's market. Consequently, the fourth prong weighs against a finding of fair use.

Accordingly, the Court finds that each factor in § 107 weighs against a finding of fair use. There is no genuine issue of material fact that Charters is liable for copyright infringement. Moreover, Charters use was neither *de minimis* nor fair. The Court now turns to the request for injunctive relief and damages.

### D. Injunctive Relief

Calibrated requests permanent injunctive relief through summary judgment.

A court may grant injunctive relief as it deems reasonable to prevent or restrain infringement. 17 U.S.C. § 502(a). Permanent injunctions are appropriate when there is a history of past copyright infringements and a substantial likelihood of future copyright infringements. *Bridgeport Music, Inc. v. Justin Combs Pub.,* 507 F.3d 470, 492 (6th Cir. 2007).

To determine the substantial likelihood of future copyright infringement, courts look to the magnitude of the infringement, whether the infringer maintains possession of the infringing product, and whether the infringer can or has continued its infringing conduct even after the initiation of court proceedings. *Columbia Pictures Indus., Inc. v. T*

*& F Enterprises, Inc.*, 68 F. Supp. 2d 833, 841 (E.D. Mich. 1999) (noting the infringer purchased and rented 400 illegal copies of copyrighted materials); *Phoenix Renovation Corp. v. Rodriguez,* 461 F. Supp. 2d 411, 424 (E.D. Va. 2006) aff'd, 258 F. App'x 526 (4th Cir. 2007). *See also, Nat'l Bd. of Med. Examiners v. Optima Univ. LLC,* 2011 U.S. Dist. LEXIS 143645, 31 (W.D. Tenn. Sept. 29, 2011)("defendants' willful ignorance of orders of this court and disregard for the intellectual property rights of the plaintiffs suggests a substantial likelihood they will infringe upon plaintiffs' copyrights in the future"*).*

But, the inquiry does not stop with a finding of a substantial likelihood of continuing infringement. The Supreme Court says a court must analyze the four factors traditionally examined when issuing permanent injunctions in patent and copyright infringement cases. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392-93 (2006)("this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed.")

A plaintiff seeking a permanent injunction must demonstrate: (1) it has suffered an irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *Id.* at 391- 93; *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.,* 654 F.3d 989, 996 (9th Cir. 2011)*.*

Calibrated does not sustain its burden. First, Calibrated does not show a substantial likelihood Charters will commit future copyright infringement. Charters

admitted he downloaded Calibrated's Tuning Guide in the summer of 2010, and made 50 to 75 copies which he sold. He says the computer he used to make these copies crashed and he disposed of it. Charters says he no longer has a copy of the Tuning Guide. Although Charters made 50 to 75 copies of Calibrated's Tuning Guide, the Court - and possibly a jury - does not find that number to be of such a magnitude to warrant an injunction in an of itself. More importantly, Calibrated provides no evidence that Charters can still make new copies of Calibrated's Tuning Guide, or even has a copy of it. Calibrated initiated proceedings on July 22, 2013, and there is no evidence that he continued to sell Calibrated's Tuning Guide after commencement of suit. Thus, it does not appear that there is a substantial likelihood that Charters will continue to commit copyright infringement.

Second, Calibrated fails to address the four factor test used to determine whether to grant a permanent injunction. As stated, Calibrated bears the burden to show it is entitled to the injunction. Calibrated fails to carry its burden and prove an injunction is necessary. The Court will not grant one.

### E. Impoundment

Calibrated requests an impoundment order. "At any time while an action under this title is pending, the court may order the impounding, on such terms as it may deem reasonable- (A) of all copies... claimed to have been made or used in violation of the exclusive right of the copyright owner." 17 U.S.C. § 503.

The Copyright Act does not provide a standard to follow when granting impoundment orders; instead, granting the order is within the court's discretion. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993). However, some

courts hold: "a plaintiff seeking an impoundment must meet the requirements for permanent or preliminary injunctive relief." *WPOW, Inc. v. MRLJ Enterprises*, 584 F. Supp. 132, 135 (D.D.C. 1984).

There does not appear to be guidance from the Eastern District of Michigan or the Sixth Circuit as to what a court should consider when issuing an impoundment order; however, the Court finds the standard identified in *WPOW* persuasive. Since Calibrated did not satisfy its burden to prove an injunction is warranted, the Court declines to issue an impoundment order.

**F.  Damages**

**1.  17 U.S.C. § 504 Statutory Damages**

Calibrated requests statutory damages upon a finding that Charters willfully committed copyright infringement. 17 U.S.C. § 504(c)(2) allows for enhanced statutory damages for willful infringement. It says:

> In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. In a case where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200.

Infringement is willful when the infringer has knowledge that the his conduct constitutes copyright infringement. *Digital Filing Sys., L.L.C. v. Agarwal*, No. 03-70437, 2005 WL 1702954, at *2 (E.D. Mich. July 20, 2005). Knowledge may be either actual or constructive. *Id.* "To prove constructive knowledge, courts have generally required the copyright owner to show that the 'infringer has acted in reckless disregard of the copyright owner's right.'" *Id.*

"Reckless disregard" has not been defined in the copyright context, but courts give examples as to what constitutes such conduct. For instance, the Western District of New York held that a defendant who repeatedly ignores warnings from a copyright holder that its behavior violates copyright law, or has a history of violating copyright laws acts with a reckless disregard. *Wow & Flutter Music, Hideout Records & Distributors, Inc. v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. 554, 557 (W.D.N.Y. 1985). The Sixth Circuit noted a defendant exhibits reckless disregard when it continues to commit copyright infringement, relying on the fair use defense even after a court has rejected that defense and entered a consent order forbidding the conduct. *Zomba Enterprises, Inc.*, 491 F.3d at 585. And, the Second Circuit noted that a pattern of unreasonable conduct could demonstrate a reckless disregard. *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005).

In addition to demonstrating actual or constructive knowledge, a plaintiff can prove willfulness by showing that the defendant exhibited willful blindness to the copyright owner's rights. Willful blindness is defined as a deliberate effort to avoid guilty knowledge. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir.2003).

"The determination of willfulness, which requires the assessment of the defendant's intent, is an issue of fact." *International Korwin Corp. v. Kowalczyk*, 855 F.2d 375, 380 (7th Cir.1988). In general, factual issues are not susceptible to summary judgment, and should instead go to a jury. *UMG Recordings, Inc. v. Disco Azteca Distributors, Inc.*, 446 F. Supp. 2d 1164, 1174 (E.D. Cal. 2006); *Sega Enterprises Ltd. v. MAPHIA*, 948 F. Supp. 923, 936 (N.D. Cal. 1996). Nevertheless, "where the relevant facts are admitted or otherwise undisputed, willfulness can be appropriately resolved on

14

summary judgment." *UMG Recordings, Inc.*, 446 F. Supp. 2d at 1174.

The Court finds there is a genuine issue of material fact as to whether Charters acted willfully. Calibrated fails to show that Charters had actual or constructive knowledge that he was committing copyright infringement. It does not present any evidence, such as a letter or a legal notice informing Charters of Calibrated's copyright. Moreover, Calibrated does not point to any behavior by Charters that imputes constructive knowledge. For instance, Calibrated does not prove that Charters continued to sell Calibrated's Tuning Guide after suit was initiated. Calibrated does not present evidence Charters ignored warnings about his infringing behavior. Calibrated does not present evidence that Charters has a history of committing copyright infringement, which would suggest that he was aware of copyright rights and infringement liability. Instead, Calibrated presents four arguments it says proves that Charters acted willfully.

First, Calibrated says Charters acted willfully by using aliases, by way of user names, on the different websites he used to sell copies of Calibrated's Tuning Guide. However, many website users and visitors of chat boards use aliases online. A jury could conclude that using an alias online shows an intent to hide one's identity to avoid being caught selling copyrighted material, but a jury could also conclude that using an alias is the norm for many online sellers of products.

Second, Calibrated says Charters acted willfully because he downloaded the Tuning Guide from a website named *Pirate Bay,* and that should have put him on notice that he was violating the law. Willfulness can be found if it is determined that a person should have known the activity was illegal. *Eros Entm't, Inc. v. Melody Spot, L.L.C.*, No.

15

99 CV 1157 SJ, 2005 WL 4655385, at *8 (E.D.N.Y. Oct. 11, 2005). Calibrated cites no authority for its argument that the website name alone imputes notice on the infringer and satisfies willfulness. Courts have said prior infringing conduct may impute notice and qualify as willful conduct. *See, Wow & Flutter Music,* 606 F.Supp. at 55. However, there is no legal authority that this Court is aware of that says the name of a website without anything more conveys enough notice and knowledge to support a finding of willfulness.

Third, Calibrated says Charters was "less than completely truthful" at his deposition about his user names, email addresses and the websites he advertised the video on, until confronted by Calibrated with the additional information. While it may be reasonable to assume Charters was being less than truthful, a jury could also believe Charters was telling the truth when he said he did not remember all of his user names.

Finally, Calibrated alleges Charters destroyed, concealed, or otherwise failed to produce evidence that would allow Calibrated to establish the magnitude of Charters' infringement, thus entitling it to the enhanced award. This point is conclusory, and void of argument. Calibrated provides no evidence that Charters concealed, destroyed, or failed to produce anything; thus, this a mere allegation.

Although not explicitly argued as evidence of willfulness, Calibrated mentions that Charters admitted he knew it was unlawful to copy and sell Calibrated's Tuning Guide. Charters Dep. 33:4-5. But, earlier in the deposition, Charters said he did not understand copyright law or that the material was copyrighted. Charters Dep. 18:9-16. If Charters did not understand copyright law, then why did Charters believe it was illegal to copy and sell Calibrated's Tuning Guide? This question creates a credibility issue. It

16

needs to be determined whether Charters was being truthful when he said he did not understand copyright law and Calibrated's potential rights. As the Second Circuit noted, "where, as here, credibility, including that of the defendant, is crucial, summary judgment becomes improper and a trial indispensable." *Arnstein v. Porter*, 154 F.2d 464, 471 (2d Cir. 1946).

The Court will not grant summary judgment on damages. The arguments Calibrated presents fail to conclusively demonstrate willfulness. Moreover, Charters' intent and credibility are a factual determination to be resolved by a jury.

### 2. 17 U.S.C. § 505 Attorney Fees and Costs

In addition to statutory damages, Calibrated requests attorney fees and costs. 17 U.S.C. § 505 says "the court in its discretion may allow the recovery of full costs by or against any party ... Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."

Since the Court finds a genuine issue of material fact remains concerning willfulness, the Court reserves ruling on the attorney fee request.

### IV. CONCLUSION

The Court **GRANTS** Calibrated's Motion for Summary Judgment on Charters' liability for copyright infringement. The Court **DENIES** Summary Judgment for injunctive relief, damages, and costs. Trial will proceed on the issue of damages only.

**IT IS ORDERED**.

        /s/ Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: December 15, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Jonathan Charters by electronic means or U.S. Mail on December 15, 2014.

s/Linda Vertriest
Deputy Clerk